Our third case is 23-2237, Baptista v. McHenry. Ms. Baxt. Good morning, Your Honors. Eleni Baxt, pro bono counsel for petitioner Samir Baptista. With the court's permission, Rachel McGuire, 3L law student from Harvard's Crimmigration Clinic, will deliver oral arguments for Mr. Baptista. Thank you very much. Thank you. Good morning, Your Honors. And may it please the court, Rachel McGuire, student attorney for the petitioner Mr. Samir Baptista. The government has charged Mr. Baptista, a lawful permanent resident, as removable on the theory that his Massachusetts conviction for assault with intent to rob or steal unarmed is categorically an aggravated felony attempted theft offense. For removal to stand, the government bears the burden to prove that this completed state conviction, or excuse me, that this state conviction for a completed assault offense is categorically both a generic attempt offense and, if a taking were to occur under the statute, the minimum conduct criminalized categorically matches the elements of generic theft. If the government fails to establish either of these, then Mr. Baptista is not removable. I will start with attempt and then move to generic theft. The government's charging of a completed assault offense as a generic attempt violates the categorical approach and is an improper use of the attempt removal ground. Starting with the categorical analysis, Mr. Baptista was convicted of assault with intent to rob or steal unarmed. This is a completed state offense with an intent element. The categorical analysis requires the courts compare the elements of this state conviction with the elements of generic attempt. And generic attempt has two elements, one, an intent to commit the aggravated felony, and two, a substantial step towards completing the aggravated felony. I will address the intent element later in my argument as it relates to the theft issue. And for now, I'll focus on the substantial step. This court has defined a substantial step to be more than mere preparation but less than completion of a crime. So we can think of a substantial step as somewhere on a spectrum between mere preparation and completion of a crime. That point is, as this court said in Engel, a direct act in the course of conduct planned to culminate in the commission of a crime that is strongly corroborative of a defendant's criminal purpose. Well, why isn't the assault enough then? I mean, that seems like an assault would meet the definition you just gave us, an assault with force and violence and with the intent to rob. So importantly, Your Honor, the substantial step analysis, as this court has said and the Second Circuit has said, is inherently a fact-intensive analysis. And so when a jury makes a finding of a substantial step, the jury makes a finding about how close the defendant's act or acts got that defendant towards the completion of a crime. In Massachusetts, when a jury makes a finding on assault, the jury makes a finding on assault. It doesn't make a finding about how close that assault got a defendant towards the completion of the crime. And how do we know that, that that's the way it works? How do we know that? In Massachusetts, Your Honor, there's no jury instructions for assault with intent to rob or steal. And so what Massachusetts does is it takes the assault jury instruction, and this is simple assault, because the statute of conviction is simple assault with intent to rob or steal. And then a judge would pair it with instructions about the force and violence and the intent requirement. Why shouldn't we certify this question to the Massachusetts Supreme Judicial Court? I think, Your Honor, this court could certify the question. And on the second issue, on the definition of steal. But it doesn't have to, first, for two reasons. First, because if Mr. Baptista prevails on the attempt issue, then this court doesn't even have to reach the question of the definition of steal. Why couldn't we certify? I don't understand why we wouldn't be able to certify the attempt question. Because you're making a statement that under Massachusetts law, the assault does not have to be, I guess, in furtherance of the robbery. That's not how I read the law. But if we thought that was unclear, couldn't we certify that as well? Oh, I see, Your Honor. Yes, this court could certify that question. But I think, actually, that that answer is even clearer in the Massachusetts law, that a jury doesn't have to find a substantial step when it finds for an assault. That argument fails in theory because of the fact that this is. I'm still trying to figure out if they have to find an assault and they have to find the intent to rob. I mean, we said in Bryant that just as a matter of kind of plain and ordinary usage and common sense, someone who assaults somebody with an intent to rob is clearly attempting to rob. How is that not right? I think, Your Honor, that colloquial uses of the terms are different from what the categorical analysis requires, which is an understanding of the elements and how they compare to the elements of generic attempt. And in Bryant, what the court was doing was it was asking whether Congress, a different legislature, used a shorthand attempted robbery for assault with intent to rob in an earlier part of the statute. And so it didn't use the categorical analysis. It didn't ask what the definition of steal was. Just asked if, colloquially, a different legislature was colloquially conflating those two terms. And here we have to look at how Massachusetts defines these terms. And we have to use the categorical analysis. So back to your point about the fact that there appear to be two separate sets of instructions that are given to the jury. That's a quirk, I guess, of Massachusetts law. But how does that negate the fact that the government's argument that this still is an attempted theft? So the fact that we would look to the Massachusetts jury instructions, I think, is instructive here. And let me know if I'm not answering your question. But the Massachusetts jury instructions for assault say that the assault can happen in two ways. It can either be an attempted battery, which would require an overt act. Or it can be completed by a threatened battery. And the threatened battery version of assault in Massachusetts can be completed by words alone. We see this in cases like Commonwealth versus Delgado. And even in cases where defendants were convicted of assault with intent to rob or steal, like Commonwealth versus Serrano, so the assault with force and violence was completed by words alone. And then this court has held in Omar Gharib and Soleiman that words alone are more often closer to mere preparation of a crime than they are to a substantial step. And so that shows the overbreadth here, that an individual in Massachusetts who's convicted of assault could be convicted for actions that wouldn't rise to the level of a substantial step. And do you have a case, I mean, in addition to sort of looking at the theoretical aspects of this, we're, I think, tasked with looking at the practicality. So are there cases that actually apply that, that confirm that, your reading of the law? So for example, Commonwealth versus Serrano is a case of assault with intent to rob or steal where the defendant was convicted on the basis of his words alone. The court sort of separated his actions from his words and said that the words, what's in this envelope, I want your money, was enough to convict the defendant for assault with intent to rob or steal. But why is that not a substantial step? I'm not understanding why give me your money or else is not a substantial step toward getting the money. So I think Serrano might not be the best example of why it's not a substantial step. It might be a better example for how words alone can constitute an assault. But I think we can see how words alone might not be a substantial step, maybe by a hypothetical. So for example, if a defendant calls a victim on the phone and says, the next time I see you, I am going to hurt you and take your wallet. That defendant has committed an assault, a threatened battery, with an intent to rob or steal. But I don't know that they've committed a substantial step towards the taking by calling the victim and putting them on notice that one day there might be a robbery or a stealing. And I guess what Judge Diaz was asking, is there anything you can point us to suggesting that the statute has ever been charged that way? So I think you're getting at the realistic probability test, Your Honor, which Mr. Baptista doesn't have to point to a specific case under the realistic probability test where it's been charged in this way. This court said that in proctor. And the United States Supreme Court said it recently in United States versus Taylor, that if instead the statute plainly covers the conduct, then the statute is clear. But I guess I think you're pushing uphill to suggest that it is clear from this statute that the assault does not have to be in substantial furtherance of the robbery. And there are a lot of cases saying it has to be in furtherance of. And so I take it your argument is, well, it might be in furtherance of, but not substantially in furtherance of. I would disagree with the characterization of the case law on that, Your Honor. So in cases like Commonwealth versus Correa and Commonwealth versus Assad, Massachusetts addressed the connection between the assault and the intent to rob or steal. And in Assad, for example, Massachusetts said that the jury could find that the assault, which happened after the taking, could be connected to the intent to rob or steal. Right, if there was a continuing intent to steal and the assault was in furtherance of that. I think Correa uses the language in furtherance of, but also uses the language with a contemporaneous intent. But I think the minimum conduct that Massachusetts has described is a contemporaneous intent or a connection to. And that sort of language is not the same as a direct act in a course of conduct that is strongly corroborative of a defendant's criminal intent. That is the definition of a substantial step. And I do think that those cases where the takings happen after the assault demonstrate that the assault happens after the taking demonstrate cases where the assault might not have to be in furtherance of the taking because of that reverse order. And so the board's misapplication of the attempt removability ground is a substantial departure from precedent as well. And it has no basis in text and would create unpredictability and confusion in removal proceedings. The agency must base removal charges on the statute of conviction. And here, however, the board deviated by taking a completed state offense and charging it under the attempt removal ground, essentially adding to the list of the enumerated list of completed offenses in the INA. Amiti argued that this completion is dangerous. They point to numerous statutes in Virginia and Maryland that are not now aggravated felonies because they've only been analyzed as a potential match under the completed offense removal ground, but going forward could be considered attempted aggravated felonies because they similarly criminalize an act and an intent. And the central tenet of both criminal law and immigration law is that the removability ground should be predictable so that the non-citizen is aware of the consequences of their criminal actions and so that defense attorneys can properly advise them on those. I think if there's anything that's clear about this whole business of the categorical and modified categorical approach is that it is not predictive or consistent. I mean, it's just a complete mess as far as I'm concerned. And I've just, you don't need to respond to that. This is my frustration. But thank you for trying to achieve clarity in the face of what seems to be an impossible task. I understand that sometimes the categorical approach can lead. And you're just getting started. Wait until you actually do this for a living. To counterintuitive results, yes. But I think the key here is that this court has to apply the categorical approach. And a substantial step requires a jury finding of some conduct that got a defendant relatively close to completion of the crime. But as this court has said and as Ming-Lam Tsui said, a discrete act like assault does not require the jury to find that important element of a substantial step. And so with my time remaining, I'd like to turn to the second issue, steal. So in addition to proving that assault with intent to rob or steal is categorically an attempt offense, the government must also demonstrate by clear and convincing evidence that the offense, if it was completed, would categorically match generic theft. And it can't do so because in Massachusetts, stealing can include consensual takings. And so the intent to steal component of the statute renders it overbroad. So again, we apply the categorical analysis. The generic theft definition requires three elements, the taking of property, two without consent, and three with the criminal intent to deprive the owner of that property. And this case focuses on that second element. Both parties agree that if the statute criminalizes consensual takings, then the statute is overbroad. And that's exactly what the statute does here. It criminalizes both an assault with an intent to rob, which would include only non-consensual takings, and it also criminalizes an assault with an intent to steal. And in Massachusetts, the text of the Massachusetts Criminal Code, state case law, and principles of statutory interpretation all show that stealing can include consensual takings. But counsel, can I see, even if stealing could, in some contexts, include consensual takings, when it's coming after, or in connection with, an assault with force and violence, I mean, isn't that enough to make it a match with non-consensual, as the 11th Circuit held? So I see there's a chemistry question, and there's also a realistic probability question there. Not even a realistic probability. Just like in the context of this provision, just looking at the words, putting to one side how it's charged, if it's an assault with force and violence, with the intent to steal, why can't I infer from the way the words are used that the stealing is going to be non-consensual? So I think there are a few nuances in the Massachusetts assaults with intent to rob or steal statute, Your Honor, that would allow for those sorts of consensual takings. So one is one I've already touched on, which is that the assault can happen after the taking. And so that sort of opens up space to imagine a consensual assault, or excuse me, a consensual taking that is followed by an assault. But in addition, we point to, we have this example in a footnote in our brief, but the text of the statute also allows for the possibility of a third person to be involved. So defendant A could threaten person B to take consensually from person C and return, to ask person C to consensually hand money over to person A. And so that would be a assault with force and violence on person B with an intent to steal from person C. And I also want to address the temati question that you have there, Your Honor. But in that hypothetical, doesn't the threat negate consent? I don't think so, Your Honor, because if the third person is the one who's being fraudulently taken from, then that person has consensually handed over their property in that situation. But there was still a non-consensual, it's non-consensual as to the middleman. And so you think the generic definition of theft is limited to without the consent of the owner. Because I've seen it phrased different ways. Sometimes it just says without consent, sometimes it's tied to the owner. Like you're saying as to the owner, it has to be non-consensual no matter, I'm sorry. Yes, it has to be non-consensual as to the owner no matter how many preceding forceful coercion cases might have happened. I think, I'm not sure at which point the initial non-consent becomes consent or at which point consent is negated, Your Honor. But I think in that example, you have a forceful assault with an intent to steal. But if the third person example is not very helpful, I think another hypothetical for just involving two individuals, if you may indulge me is, so for example, if you have a shady bike shop owner who puts thumbtacks on a pathway so that when bicyclists ride by, they pop their tires on the thumbtacks. The bike shop owner, part of his plan is he runs out, he says, oh no, you popped a tire. Here, give me your bike, I'll fix it. And he steals the bike. What you have there would be an attempted battery version of assault, the placing of the thumbtacks on the ground with an intent to steal from the person, the running out and saying, here, give me your bike, don't worry, I'll take care of it. That would be a taking under false pretenses, which this court has said is a consensual taking. And I see that I am out of time. And so for those reasons, this court should grant Mr. Baptista's petition for review. Thank you. Thank you, Ms. McGuire. Ms. Carter. Good morning, and may it please the court. Margo Carter for the United States Attorney General. The court should dismiss this petition for review for lack of jurisdiction, because the petitioner here is an aggravated felon based on his conviction for assault with intent to rob. The petitioner in this case is asking the court to read into the statute words that aren't there. The petitioner in this case was convicted of assault with force and violence and with intent to rob or steal. The court should reject this request to import into the word steal the embezzlement, fraud, false pretenses language that appears elsewhere in Massachusetts law in a larceny context. Indeed, the words embezzlement, fraud, and false pretenses are nowhere used in the statute of conviction here. And they are not elements of the statute of conviction. There are no examples in Massachusetts case law of Section 20 being prosecuted under an embezzlement, false pretenses, or fraud theory. So can I ask a question about the definition of steal? We generally, you know, if you have a definition that's statutorily enacted and it doesn't admit of any express exceptions, we typically apply that definition across all statutes where it exists. So what is it about this case that makes that different? I think in this case, when you look at the way that the chapters are set up in Massachusetts law, where you have Chapter 265, that is all the crimes against the person, and Chapter 266, which includes all of the crimes against property. The robbery crimes are in 265. And it's not so much that there are two different definitions, but just that steal in the robbery context suggests an assaultive type of taking. Whereas But the statute itself doesn't make that distinction, right? You kind of have to glean that from the elements of the offense in the cases? Correct, correct. And so if you look at the jury instructions for other offenses that are proximate to this one, and in the same chapter, other robbery offenses, those offenses have jury instructions that make clear that the taking is non-consensual. Against the victim's will is actually an element. And those are all jury instructions for cases for statutes that involve the language rob, steals, or takes. And they specifically discuss what it means to steal or have an intent to steal. And that is interpreted as being a non-consensual taking, which is all that the government has to meet in order to have this match with the generic definition. And not only that, but the 11th Circuit has addressed whether or not this steal term can sweep in the embezzlement, fraud, false pretenses type crimes. And the 11th Circuit in Kemalkai rejected that approach. And so if this court were to rule differently, there would be a circuit split on the issue. And again, in Massachusetts, none of the Massachusetts state case law indicates that Section 20 has been interpreted to include embezzlement type offenses. And we cite numerous cases in our brief that are all some amount of force and violence involved. But even if this court were to conclude that steal sweeps in all of this language regarding embezzlement and false pretenses, the petitioner in this case was convicted of assault with force and violence and with intent to rob or steal. And the assault with force and violence negates any consensual aspect of the crime. To the extent that this were found to include these somewhat consensual takings, the fact that the petitioner here was convicted of a crime with force and violence negates that element of consent. And so it meets the generic definition of the theft offense as required under Section G. Counsel, can I ask you a question? If I read all the Massachusetts cases and I thought it was unclear what work Steele was doing in Chapter 20, your colleague says, well, if it's unclear, they win because the burden is on the government in a removal proceeding. Is that right? And what do you think I should do if I, at the end of the day, I'm like, I don't know. What Steele means? I think if you don't, even if there's some confusion as to what Steele means, I mean, yes, the burden is on the government to prove removability. That is correct. The government has to establish removability by clear and convincing evidence. And this court is up on de novo review for the legal issues. That said, I think here, even if the court can't ascertain how Steele is used in this statute, the fact remains that the petitioner was convicted for assaulting another with force and violence. And that takes this out of the realm of a consensual taking. Turning to the attempt provision, so the government here has to meet the burden of showing that the petitioner's offense meets the generic attempt definition. And I disagree with my friend here that the methodology was incorrect. The methodology is correct because the state label of the offense, the state label does not control. Rather, we look at whether or not the offense that is accused here, the assault with intent to rob, qualifies as an attempt offense. And here, the state offense meets that generic attempt definition. There's an attempt to commit the underlying crime. And there is an overt act that is a substantial step. And what's the overt act? The overt act here is assault with force and violence. And what about the cases that say that that overt act in Massachusetts, if it occurs in the context of an attempt to escape and not necessarily in the context of a theft, that that's still sufficient under Massachusetts law to support a conviction? I think that the cases that I've seen have largely suggested that there to be a continuing intent to steal, such that that assaultive act is in furtherance of the intent to steal. Well, the cases use the language connected to the objective of stealing property. You think that's equivalent to in furtherance? I do. I do. I think that they are connected to this intent to steal and so that you have this overt act. So it's this assault with force and violence that is in service of your intention to steal something. Does the court have any further questions? I realize there's a lot of time left. Actually, do you have a position on divisibility? Since I know that's been alluded to in the briefs, but no one's actually making an argument. We think that this can be resolved at the categorical step, that it is categorically a theft offense. And so we didn't address divisibility. We would be happy to address divisibility in supplemental briefing. I guess I'm asking you if you can give me a spoiler. Does the government think this is divisible? I think without delving further into it, I would be hesitant to say. But obviously, if it is divisible and we are permitted to look at the documents in this case, the indictment and petitioner's admissions in immigration court make quite clear that to the extent that we could divide between rob and steal, this was clearly a rob offense. So if it's divisible and if the documents bear out the first question, whether steal covers non-consensual takings only, that drops out of the case. But the attempt issue would still be there. Is that right? Correct.  Correct. That is my view. Thank you very much. Thank you. Thank you, Your Honors. Just a few points on rebuttal. First, on the substantial step piece. To hold that an assault is always a substantial step towards an intended taking contravenes the categorical approach because it requires courts to look at the facts. Massachusetts jury instructions require either an overt act or a threatened battery version. The threatened battery version does not require an overt act, and it can include words alone. I think the fact that we were having those discussions about when words alone constitute a substantial step exemplifies this point, which is that when courts have to take a completed offense like an assault and try to understand whether or not it's a substantial step without a jury finding about how close the assault got the defendant towards the intended taking or stealing, then that court has to look to the facts of the case. And that's what the categorical approach prohibits. The Second Circuit was very explicit about this in Ming Lam Sui, that without a jury instruction on a substantial step, then we cannot conclude that there was always a substantial step towards the taking. And I think that, as Judge Diaz pointed out, the connected to language in the Massachusetts cases show that Massachusetts has held that the assault only needs to be connected to the intent to rob or steal. It doesn't have to be a substantial step, a direct act in furtherance of the underlying criminal intent. To be fair, though, I don't think the state cases engage with the distinction that you're trying to make, because they didn't have to. It was an entirely different issue that they were resolving. But your position is that those things mean two different things? I think that connected to is different from a substantial step towards.  Well, so for example, mere preparation would be connected to an intent to rob or steal. But mere preparation is not a substantial step towards robbing or stealing. And so that shows the over breadth of the statutes. So turning to the steal issue, contrary to the government's argument, the indictment definitions in the same section where steal is defined are used in the crimes against persons section of the code. So we see Massachusetts taking those list of indictment definitions and then using them to understand the crimes against persons section of the code. And so here, where we have an indictment definition that defines the word steal, and then we have a statute that uses the word steal, but doesn't add any of the other language to it, then we have to, I think the intuitive thing is to assume that that definition applies. And so in cases like Kamokai, or in the robbery cases that the government cites, the issue there is that the court in Kamokai was looking to the Massachusetts case. It's interpreting robbery. And in robbery, the taking has to be by force and violence. And so Kamokai used that to say, well, if the taking is by force and violence, then the taking can't be consensual. But in assault with intent to rob or steal, we don't have that same language. The taking doesn't have to be by force and violence. Only the assault has to be by force and violence with an intent to rob or steal. And so for those reasons, this court should grant Mr. Baptista's petition for review. Thank you. Thank you. Thank you, Mr. McGuire. I want to thank the Harvard Cremation Clinic for taking on this case and ably representing Mr. Baptista's interests. Mr. McGuire, you did a fine job. And I commend you for that, as did the government. Thank you very much for your excellent arguments. We'll come down and greet you and move on to our final case.
judges: Albert Diaz, Pamela A. Harris, Nicole G. Berner